## WATERS ET AL V. WATERS.

1. **Tenant in Common: RENTS AND PROFITS: HEIR AT LAW.** Facts considered under which it was held that plaintiffs were entitled to recover rents and profits from the defendant for the use and enjoyment of certain realty, which he held in common with plaintiffs' ancestor.

*Appeal from Winneshiek District Court.*

SATURDAY, JUNE 8.

PLAINTIFFS aver that they are the heirs at law of J. B. Waters, deceased, who departed this life in the month of August, 1865; that the defendant, H. P. Waters, and said J. B. Waters, were each the owners of an undivided half of certain real estate, and that upon the death of said J. B. Waters the plaintiffs became the owner of his interest by inheritance; that the defendant has received the rents and profits of said real estate. It is prayed that an account be taken of such of said rents and profits as have accrued since August, 1865, and that plaintiffs have judgment for their share thereof. The answer admits that the said real estate is owned in common by the plaintiffs and defendant. It is further averred that the said real estate was conveyed by Gardiner Waters to the defendant and said J. B. Waters in January, 1863, and that the consideration of said conveyance was that the grantee should pay off all the debts of said Gardiner Waters, and support and maintain him and his wife during their natural

lives; that defendant took and kept them during their lives, and paid the said debts and taxes on the land, and said John B. Waters, deceased, did not contribute his share to the maintenance of Gardiner Waters and his wife, and did not pay his share of said indebtedness, taxes, etc.

An account of several items of claim was set out in the answer, but it does not appear in the abstract. It is prayed that an account of said several matters be taken, and that "the balance in favor of either party be a lien upon the land described in the petition."

To this answer there was a reply in general denial.

There was a trial by the court. Judgment was rendered for the plaintiffs for six hundred and seventy-nine dollars. The defendant appeals.

*M. P. Hathaway*, for appellant.

*Willett & Wellington*, for appellees.

ROTHROCK, CH. J.—The defendant was examined as a witness in his own behalf. His wife was also examined as a 1. TENANT in witness. The plaintiffs objected to their testi-common: rents and prof-its: heir at law. mony as incompetent, because the facts detailed by them were in the nature of personal transactions and communications had with John B. Waters, deceased. It does not appear that any ruling was made by the court upon this objection, excepting that appellants assign as error that the court disregarded the testimony of said witnesses. Under these circumstances it is proper that such of their testimony as was in the nature of personal transactions and communications with the deceased, should be excluded. The cause is triable *de novo* in this court, and after rejecting this incompetent testimony there is little left to support the defendant's cross-claim. It appears generally, from some letters written by the deceased, that he acknowledged an indebtedness to the defendant, but in what amount does not appear, except from the testimony of the defendant and his wife. We can-

not ascertain from the abstract whether any of the claims accrued after the decease of John B. Waters.

About the only evidence which is definite and certain is the amount of rents received by defendant from the real estate, and certain items which were expended by him for repairs. It is not even shown what amounts he has paid in taxes since the death of John B. Waters.

It is not necessary for this court to determine whether the claims made by defendant, which accrued in the life-time of the deceased, are properly chargeable upon the land, because we think there is no competent evidence to establish said claims.

Taking the evidence that is definite and certain, the conclusion we reach is that the court below did not err in its finding as to the amount due.

AFFIRMED.